# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

VICKI J. UNRUH, )
)
          Plaintiff, )
)
v. ) Case No. 07-1174-JTM-DWB
)
PRAIRIE VIEW, INC., )
)
          Defendant. )
_____ )

## MEMORANDUM AND ORDER

Before the Court is Plaintiff's Motion to Amend Complaint (Doc. 15), filed on October 8, 2007, in which Plaintiff seeks to include a request for punitive damages relating to her claim for retaliatory discharge. Defendant responded on October 22, 2007. (Doc. 16.) Plaintiff did not file a reply, which would have been due on or before November 5, 2007. *See* D. Kan. Rule 6.1(d)(1) (responses to non-dispositive motions are to be filed within 14 days). After a careful review of Plaintiff's submission, the Court is prepared to rule.

## BACKGROUND

Plaintiff filed her Amended Complaint on June 28, 2007, alleging a violation of the False Claims Act, as well as a claim for retaliatory discharge under Kansas

law.  (Doc. 2.)  She alleges that her employment was "terminated in retaliation for making reports regarding possible violations of law" by Defendant.  (*Id*., at ¶ 12.)  In her proposed Second Amended Complaint, Plaintiff simply requests the Court find that she "is entitled to punitive damages on her retaliatory discharge claim..." (Doc. 15, Exh. A, at 5.)

## DISCUSSION

Fed. R. Civ. P. 15(a) provides that leave to amend "**shall be freely given** when justice so requires."  (Emphasis added.)  The Supreme Court has declared that this is a "mandate," which "is to be heeded."  ***Foman v. Davis***, 371 U.S. 178, 182, 83 S. Ct. 227, 230, 9 L. Ed. 2d 222 (1962).  Even so, the grant or denial of a motion for leave to amend is within the discretion of the Court.  *Id*.  In the absence of any apparent or declared reason, such as undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment, leave to amend should, as the rules require, be freely given.  *Id*., 371 U.S., at 182, 83 S. Ct., at 230; ***Frank v. U.S. West, Inc.***, 3 F.3d 1357, 1365 (10th Cir. 1993).

Defendant argues that Plaintiff's motion should be denied because her proposed amendment "fails to satisfy the requirements of Fed.R.Civ.P. 9(g)." (Doc. 16, at 1.)  That rule states that "[w]hen items of special damage are claimed,

2

they shall be specifically stated." Fed.R.Civ.P. 9(g).  Defendant contends that the language in Plaintiff's proposed amendment is improper because it "fails to give defendant fair notice of the amount of such damages she is seeking."  (Doc. 16, at 2.)  According to Defendant, Plaintiff "should be required to specifically state the amount of punitive damages she is seeking" to conform with the requirements of Rule 9(g).

Contrary to Defendant's reasoning, courts in this Circuit have held that "the law does not require that the exact dollar amount of special damages be specifically pleaded."  *SCO Group, Inc. v. Novell, Inc.*, No. 2:04CV139DAK, 2004 WL 4737297, at *10 (D. Utah June 9, 2004) (citing *Hodges v. Gibson Products Co.*, 811 P.2d 151, 162 (Utah 1991)).  Instead, the issue is "whether the pleadings contain such information as will apprise the defendant of such damages as must of necessity flow from that which is alleged." *Id*. (citing *Cohn v. J.C. Penney Co.*, 537 P.2d 306, 311 (Utah 1975)).

Given the mandate to grant leave to amend when justice so requires, the Court is satisfied that Plaintiff's proposed amendment is adequate.  The proposed Second Amended Complaint contains sufficient information to put Defendant on notice of the nature of, and basis for, Plaintiff's claim for punitive damages.  Defendant may obtain further detail concerning the calculation and amount of

damage through discovery.  As such, Plaintiff's motion is **GRANTED**.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Amend is **GRANTED**.  Plaintiff shall file her Amended Complaint in the form attached to their motion on or before **December 7, 2007**.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas on this 21st day of November, 2007.

    s/   DONALD W. BOSTWICK
DONALD W. BOSTWICK
United States Magistrate Judge